**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AMERICAN WHOLESALERS, INC., Respondent.**

No. 76–1478.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1976.

Decided Dec. 17, 1976.

---

Paul J. Spielberg, Atty., N.L.R.B., Washington, D.C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., David A. Fleischer, Atty., N.L.R.B., on brief), for petitioner.

Stephen D. Shawe, Baltimore, Md. (Earle K. Shawe, Leslie R. Stellman, Shawe & Rosenthal, Baltimore, Md., on brief), for respondent.

Before BRYAN, Senior Circuit Judge, and BUTZNER and HALL, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks to enforce its order of February 17, 1976, requiring American Wholesalers, Inc., to bargain collectively with the union.[1] The major contention raised by the company is that it was denied due process of law when a hearing officer allowed the union to use testimony elicited during a prior, procedurally defective hearing to impeach company witnesses.

Objecting to a union election, the company was granted a hearing on April 19, 1973. During this proceeding, the hearing officer allowed the union to delay cross-examination for 16 days in order to complete its investigation. On review, the Board held that the hearing officer committed prejudicial error by deferring cross-examination, and remanded the case for a *de novo* hearing before a different hearing officer.[2]

At the second hearing on July 16 and 17, 1974, the hearing officer permitted the union, over the objection of the company, to use testimony from the first hearing to impeach some of the company's witnesses. In upholding the election, the hearing officer expressed reservations about his ruling, and explicitly stated that he made findings of fact and conclusions of law independently of the prior record.

On review, the Board adopted the hearing officer's findings and recommendations, and certified the union. Although it criticized the admission of the prior testimony, it fully accepted the hearing officer's avowal that the issues were resolved without resort to the questionable testimony. Board Member Kennedy dissented on the grounds that the second hearing officer erroneously denied the company a *de novo* hearing and that the only effective remedy was a new election.[3]

The company then refused to bargain, and the general counsel filed a complaint alleging that the company had violated

1. 222 NLRB No. 148, 91 LRRM 1406 (1976).

2. 210 NLRB No. 74, 86 LRRM 1163 (1974).

3. 218 NLRB No. 50, 89 LRRM 1352 (1975).

§§ 8(a)(5) and (1) of the Act. In an enforcement proceeding, the Board granted summary judgment upholding the earlier certification of the union. Board Member Walther dissented for the reasons stated by Member Kennedy.[4]

Upon review, we accept the Board's conclusion that the second hearing officer did not commit prejudicial error. The other issues raised by the company do not warrant denial of enforcement. Accordingly, we enforce the Board's order.

ALBERT V. BRYAN, Senior Circuit Judge, dissents for the reasons stated by Board Members Kennedy and Walther.